**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | : |
| | :    **CRIMINAL NO. 3:15-39** |
| v. | :    **(JUDGE MANNION)** |
| **CRYSTAL SERFASS,** | : |
|   Defendant | : |

**MEMORANDUM**

I. **Background**

On April 13, 2020, defendant Crystal Serfass, an inmate serving her 90-month federal sentence imposed by this court at Danbury Federal Prison Camp ("DFPC") in Connecticut, filed a Motion for Immediate Release to Home Confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act, ("CARES Act"), §12003(b)(2).[1] (Doc. 107). Serfass concedes that there are presently no cases of the COVID-19 virus at DFPC but she nonetheless requests the court to immediately release her to home confinement since "[t]he eminent threat of contacting (sic) the virus is real and based on the CARES Act [she] believes that she qualifies to be

---

[1] Serfass's instant motion is essentially identical to the motion filed by the defendant in United States v. Brady, Crim. No. 17-60 (M.D.Pa.), which the court decided on April 14, 2020.

immediately released to home confinement." Serfass attached a memorandum dated April 3, 2020, from U.S. Attorney General William Barr to the federal Bureau of Prisons ("BOP") regarding the implementation of the CARES Act and directing the BOP to identify suitable inmates for home confinement with COVID-19 risk factors. Serfass, however, does not indicate if she has a recognized medical condition which would put her at a higher risk if she contracted COVID-19.

For the reasons set forth below, the court will construe Serfass's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and it will transfer her case to the District of Connecticut, where jurisdiction properly arises.

Additionally, insofar as Serfass intended her motion to be one for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), the court will dismiss the motion without prejudice for lack of jurisdiction.

## II. Discussion

No doubt that a habeas petition under §2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", Presser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of her confinement. Woodall v. Fed. BOP, 432 F.3d 235, 241-42 (3d Cir. 2005). Further, the court

must look to the remedy requested by the inmate to determine if she is seeking relief available in a habeas petition. "When a petitioner seeks immediate release from custody, the 'sole federal remedy' lies in habeas corpus." Camacho Lopez v. Lowe, Civil No. 3:20-563, 2020 WL 1689874 (M.D.Pa. April 7, 2020), at 8 (citing Presser, 411 U.S. at 500).

In Camacho Lopez, the petitioner was an ICE detainee subject to a final removal order whose removal was set for March 30, 2020, but delayed due to his COVID-19 diagnosis. The petitioner filed a §2241 habeas petition seeking immediate release from confinement based on "the threat posed by the COVID-19 viral pandemic." The respondent argued that Camacho Lopez's petition should be construed as a civil rights action under 42 U.S.C. §1983. The court found that "the extraordinary conditions of confinement" "where the petitioner tested positive for and had been hospitalized by a potentially deadly pandemic virus and claims that officials cannot properly treat him---constitute the extreme case in which habeas relief might be available." *Id*. at 13. The court then concluded that based on the case's unique circumstances, "both the claim brought and the remedy sought are cognizable in habeas corpus." *Id*. The court found, however, that Camacho Lopez's continued detention in prison was proper and dismissed his habeas petition. *See also* Verma v. Doll, Civil No. 4:20-14, (M.D.Pa. April 9, 2020)

(court found petitioner, an ICE detainee, "plainly seeks a habeas remedy" where he requested immediate release from custody based on alleged "constitutionally deficient conditions of confinement that threaten his life and health" in light of the COVID-19 pandemic).

In the present case, as in Camacho Lopez, although Serfass is not an ICE detainee awaiting her removal, she similarly seeks immediate release from custody at DFPC since she believes her health is in imminent risk at the prison because it is a potential "hot zone" for COVID-19, which "is unequivocally a habeas remedy." *Id*. (citation omitted). As the court in Camacho Lopez explained, *id*. at 11 the term "execution" of a petitioner's sentence is broadly defined by the Third Circuit "to include such matters as administration of parole, sentence computation, prison disciplinary proceedings, prison transfers, and even 'conditions' generally." (citing Woodall, 432 F.3d at 241-44).

In her motion, Serfass clearly seeks relief that affects the execution of her 90-month prison sentence since she requests the court alter its terms and to immediately release her to home confinement. Serfass does not challenge the conditions of her confinement at DFPC and thus her motion is not a §1983 civil rights action. Nor does the court find that Serfass's motion is one for compassionate release under 18 U.S.C. §3582(c)(1)(A). The

- 4 -

defendant has not asked to be released from her sentence, rather she is asking that her sentence be executed in a different manner, i.e. home confinement.

Even had Serfass's motion been one construed as seeking compassionate release, it would be dismissed for lack of jurisdiction since Serfass has not exhausted her administrative remedies under §3582(c)(1)(A), "which requires that a defendant seeking compassionate release present [her] application to the BOP and then either (1) administratively appeal an adverse result if the BOP does not agree that [her] sentence should be modified, or (2) wait for 30 days to pass." United States v. Zukerman, 2020 WL 1659880, *2 (S.D.N.Y. April 3, 2020). *See also* United States v. Raia, --- F.3d ---, 2020 WL 1647922 (3d Cir. April 2, 2020).

Secondly, Serfass has not demonstrated that "extraordinary and compelling reasons" warrant a reduction of her sentence since she does not state that she has any recognized medical condition putting her at a higher risk if she contracts COVID-19, i.e., she has not alleged that she is at risk of experiencing serious complications from COVID-19 due to any medical conditions, and since she admits that there are no cases of the virus currently at DFPC. *See* Zukerman, 2020 WL 1659880, *2 ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [Serfass] must both meet the

exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence."). Raia, --- F.3d ---, 2020 WL 1647922, *1 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP (citing 18 U.S.C §3582(c)(1)(A)(i)).

Further, Serfass does not allege any "catastrophic health consequences" to make exhaustion futile or show that she could be unduly prejudiced if she had to wait to exhaust her administrative remedies with the BOP. See Zukerman, 2020 WL 1659880, *3. Rather, she merely speculates that she may be exposed to COVID-19 if someone at DFPC contracts the virus in the future.

As the Third Circuit in Raia, 2020 WL 1647922, *2, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). The Third Circuit then stated,"[g]iven BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with §3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." Id.

Moreover, Serfass's reliance on the CARES Act, which was signed into law on March 27, 2020, as the basis for her release to home confinement is misplaced. Serfass states that section §12003(b)(2) of the Act "lifts the 10%-6 month limitation [of 18 U.S.C. §3624(c)(2)" but fails to "provide[] [any] guidance whatsoever as to how the BOP should pick the [inmates] to go to home confinement."

As the court in United States v. Sawicz, 2020 WL 1815851, *1 (E.D.N.Y. April 10, 2020), recently explained:

> [The] CARES Act expanded the maximum amount of time that a prisoner may spend in home confinement: "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement...." CARES Act §12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020). Attorney General William Barr made the requisite "finding that emergency conditions are materially affecting the functioning of the Bureau of Prisons" on April 3, 2020, thereby triggering the BOP's authority to expand the amount of time that a prisoner may spend in home confinement.

Thus, the CARES Act broadens the authority of the BOP Director "as the Director deems appropriate" to place an inmate in home confinement for the shorter of 10% of the term imprisonment of that prisoner or 6 months under 18 U.S.C. §3624(c)(2). As such, the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director. See United States v. Doshi, 2020 WL 1527186, *1 (E.D.Mi. March 31, 2020)

(The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under §3624(c)(2)", and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."). In fact, the CARES Act "does not mandate home confinement for any class of inmate." Valenta v. Ortiz, 2020 WL 1814825, *1 (D.N.J. April 9, 2020).

Further, Serfass does not even indicate that she requested a transfer to home confinement to the warden at DFPC pursuant to the CARES Act. Nor does she indicate that she is a vulnerable inmate who the BOP Director should consider for home confinement under the Act.

In short, the court agrees with my colleagues in this district who, to date, have unanimously concluded that emergency petitions for release, based on COVID19 are properly construed pursuant to 28 U.S.C. §2241. (In addition to Camacho Lopez and Verma, *see also* Brown v. U.S. Dept of Homeland Security, 3:20-cv-119; Umarbaev v. Warden, 1:20-cv-413 and Thakker v. Doll, 1:20-cv-480.) I agree with my colleague's well reasoned analysis and join in their conclusion that 28 U.S.C §2241 is the proper vehicle to proceed. Therefore, the court finds that Serfass's motion should be construed as a §2241 habeas petition since she seeks relief affecting how

her sentence is executed, i.e., serving her sentence in home confinement as opposed to confinement in prison to which she was sentenced, and not a reduction or release from her sentence (i.e. a compassionate release).

A petitioner may seek §2241 relief only in the district in which she is in custody. United States v. Figueroa, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has no jurisdiction over Serfass's habeas claims as she is not detained within this district at the time of the filing of her motion. As such, Serfass must file her §2241 habeas petition in the U.S. District Court for the District of Connecticut since she is confined in prison in that district. Pursuant to 28 U.S.C. §2243, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. These provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Thus, for purposes of a habeas action, the petitioner's custodian is the warden of the institution holding the petitioner. Id. at 442. In the instant case, the only appropriate respondent is the Warden at DFPC, where Serfass is currently detained.

In light of the foregoing, the court will direct the clerk of court to docket Serfass's Doc. 107 motion as an emergency §2241 habeas petition and to

assign it a separate civil number. The court will then direct the clerk of court to transfer Serfass's habeas petition to the U.S. District Court for the District of Connecticut.

### III. Conclusion

Serfass's Motion for Immediate Release to Home Confinement, (Doc. 107), is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the clerk of court will be directed to docket Serfass's Doc. 107 motion as an emergency §2241 habeas petition and to assign it a civil number. The clerk of court will then be directed to transfer Serfass's §2241 habeas petition to the U.S. District Court for the District of Connecticut as the proper jurisdictional court.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 15, 2020**
15-39-01